## A. J. BATES *v.* T. H. MCDOWELL.

1. DOWER. *Death of husband in 1870. Seisin in 1840. Code of 1857.*

    Where a husband died in 1870, his widow's claim for dower in land of which he was seized in 1840 was determinable by art. 162, p. 467, of the Code of 1857, in force at the time of his death, and not by the law in force at the time of his seisin.

2. SAME. *Claimed in land sold under execution. Seisin of husband.*

    Where, in 1840, land belonging to a married man was sold under an execution against him, and the title thereof conveyed by the sheriff to the purchaser, the widow, upon the death of the husband in 1870, had no right of dower in

such land under the Code of 1857, because he was not seized and possessed of the land at the time of his death, and had made no conveyance thereof in fraud of his wife's rights.

APPEAL from the Circuit Court of Amite County.

Hon. J. B. CHRISMAN, Judge.

In 1835, Samuel Burrus became the owner of a certain tract of land. In 1840 it was sold under an execution against him, and bought by T. H. McDowell, who in 1849 conveyed the same to Richard Bates, with a general warranty. Richard Bates conveyed the land to his son, A. J. Bates, in 1867. In 1870, Samuel Burrus died, and his widow instituted a suit in chancery to have dower in this land set apart to her, on the ground that she was the wife of Burrus while he was seized of the land, and had never relinquished her right of dower therein. The chancellor held that she was entitled to dower in the land; and thereupon A. J. Bates bought her claim. McDowell refused to reimburse Bates for the money paid for Mrs. Burrus' claim, and Bates brought this action against him for a breach of the warranty in his deed to Richard Bates.

The verdict and judgment were for the defendant, and the plaintiff appealed.

*D. C. Bramlett*, for the appellant.

1. The sale of Burrus' land under execution in 1840 did not bar his wife of her right of dower therein upon his death, in 1870. *Fleeson* v. *Nicholson*, Walk. (Miss.) 247; *Jiggitts* v. *Jiggitts*, 40 Miss. 418.

2. But even if the Code of 1857 governed the widow's right of dower, her claim was good because the land was not conveyed by the husband for a valuable consideration, which, under that Code, was necessary to defeat her right; the conveyance by the sheriff was not that of the husband.

*B. F. Johns*, for the appellee.

1. Mrs. Burrus was not entitled to dower in the land sold under execution against her husband in 1840. Her claim must be determined by the law in force at the death of her

husband.    *Magee* v. *Young*, 40 Miss. 171 ; Code 1857, p.
467, art. 162.

2. The conveyance of the land by the sheriff had the same
effect as if made by the husband, and could only be defeated
by proof that it was executed in bad faith, or without a valu-
able consideration.   Code 1857, p. 467, art. 162.

*C. P. Neilson*, on the same side, filed a brief on the facts of
the case.

CAMPBELL, J., delivered the opinion of the court.

The appellant is not entitled to recover in this action, be-
cause Mrs. Burrus' claim to be endowed of the land sold under
execution against her husband in 1840 was not maintainable.
Her right as dowress was determinable by the law in force
in 1870, when her husband died, which was the Code of 1857
(p. 467, art. 162).

Under that she was entitled to be endowed of all the lands
of which her husband died seized and possessed, or which he
had before conveyed otherwise than in good faith and for a
valuable consideration.   The husband did not die " seized and
possessed " of the land which was sold by the sheriff under
execution against him in 1840, nor had he made a conveyance
of it in fraud of the rights of his wife.   *Gould* v. *Luckett*, 47
Miss. 96.

Of such land only was the widow entitled to be endowed by
virtue of the Code of 1857.

Judgment affirmed.